IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

| | |
|---|---|
| HUGO LOAEZA SANCHEZ, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | 3:20-cv-08002-LSC |
| UNITED STATES OF AMERICA, ) | (3:16-cr-00307-LSC-JHE-1) |
| ) | |
| Respondent. ) | |

**MEMORANDUM OF OPINION**

**I.  Introduction**

This is a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 ("§ 2255"), filed by Petitioner Hugo Loaeza Sanchez ("Sanchez") on January 8, 2020. (Doc. 1.) In response to a show cause order (doc. 3), the Government has responded in opposition to the motion. (Doc. 4). For the following reasons, the motion is due to be denied and this action dismissed.

**II.  Background**

On January 19, 2018, Sanchez pled guilty, pursuant to a written plea agreement, to the following three counts: (1) possession with intent to distribute and distribution of methamphetamine in violation of 21 U.S.C. § 841(a)(1) (Count

1

1); (2) possession of a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count 2); and (3) being an illegal alien in possession of a firearm in violation of 18 U.S.C. § 922(g)(5) (Count 3). On August 6, 2018, Sanchez was sentenced by this Court to a term of imprisonment of 48 months for Counts 1 and 3, separately, to run concurrently with each other, and 60 months as to Count 2 to run consecutive to all other counts, for a total of 108 months. Judgment was entered the following day. Sanchez did not appeal.

On January 8, 2020, Sanchez placed in the prison mail a motion under 28 U.S.C. § 2255, seeking relief from his sentence, and it was filed by the Clerk on January 14, 2020. This is his first § 2255 motion.

### III. Discussion

Sanchez's sole argument is that his conviction on Count 2 for possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i) and Count 3 for being an illegal alien in possession of a firearm in violation of 18 U.S.C. § 922(g)(5) should be vacated due to the United States Supreme Court's recent decision in *United States v. Davis*, 139 S. Ct. 2319 (2019).

Sanchez's motion to vacate is subject to a one-year statute of limitations, running from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

This Court entered judgment on August 7, 2018, and Sanchez did not appeal. A federal criminal judgment that is not appealed becomes final for the purposes of § 2255 when the time for filing a direct appeal expires. *See, e.g., Murphy v. United States*, 634 F.3d 1303, 1307 (11th Cir. 2011). Therefore, Sanchez's convictions became final on August 21, 2018, fourteen days after this Court entered judgment. *See* Fed. R. App. P. 4(b)(1)(A). Sanchez did not file the instant motion until January 8, 2020, which is over one year after his convictions became final, thus violating the one-year limitation period found in § 2255(f)(1).

Sanchez relies upon § 2255(f)(3) because he filed the instant motion within one year of *Davis* being decided on June 24, 2019. "*Davis* announced a new

3

substantive rule, and . . . a new rule such as the one announced in *Davis* applies retroactively to criminal cases that became final before the new substantive rule was announced." *See In re Hammoud*, 931 F.3d 1032, 1039 (11th Cir. 2019). However, to the extent Sanchez challenges his sentence through *Davis* based on his being convicted of a violation of 18 U.S.C. § 924(c)(1)(A)(i), the challenge fails. The Supreme Court held in *Davis* that the definition of a "crime of violence" in 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague. 139 S. Ct. at 2336. *Davis'*s holding has no impact here because Sanchez's conviction was based on possession of a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. 924(c)(1)(A)(i), not possession of a firearm during and in relation to a crime of violence under § 924(c)(3)(B). *Davis* addressed only the constitutionality of § 924(c) convictions predicated on crimes of violence, leaving undisturbed § 924(c) convictions based on drug trafficking crimes. *See In re Navarro*, 931 F.3d 1298, 1302 (11th Cir. 2019) (per curiam) (holding that § 924(c) convictions "fully supported by [] drug-trafficking crimes" are "outside the scope of *Davis*").[1]

---

[1] Sanchez also appears to argue that *Davis* renders his 18 U.S.C. § 922(g)(5) conviction invalid, but *Davis* has no bearing on that statute.

## IV. Conclusion

For the aforementioned reasons, Sanchez's § 2255 motion to vacate, set aside, or correct a sentence is due to be denied and this case dismissed with prejudice.

Rule 11 of the Rules Governing § 2255 Proceedings requires the Court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. *See* Rule 11, Rules Governing § 2255 Proceedings. This Court may issue a certificate of appealability "only if the applicant has a made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a "petitioner must demonstrate that a reasonable jurist would find the district court's assessment of the constitutional claims debatable and wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations omitted). This Court finds that Sanchez's claims do not satisfy either standard.

A separate order consistent with this opinion will be entered.

**DONE** and **ORDERED** on March 27, 2020.

L. Scott Coogler
United States District Judge

201416